UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                      :

TONY MIZELL, as Administrator of the Estate of :
EMERY LYNN MIZELL, Deceased,        :
                                   :  Removed from the
                Plaintiff,     :  Supreme Court of the State
                                   :  of New York, County of Bronx,
                v.         :  Index No. 804689/2026E
                                   :

THE CITY OF NEW YORK; NEW YORK CITY :
ADMINISTRATION FOR CHILDREN'S   :  **NOTICE OF REMOVAL**
SERVICES; 11P LLC; L.D. PROPERTY   :
MANAGEMENT INC.; JOHN DOE and JANE :
DOE, as Parents/Guardians of R.H., an infant; and :
META PLATFORMS, INC.,        :
                                   :
               Defendants.   :
------------------------------------------------------------ X

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
       DISTRICT OF NEW YORK

PLEASE TAKE NOTICE THAT, on the bases stated below, Defendant Meta Platforms, Inc. ("Meta"), by and through their undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York. Defendant hereby reserves any objection as to the legal sufficiency of the claims alleged in the Action, and all other defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

This removal arises under 28 U.S.C. §§ 1331, 1332 and 1441. As grounds for removal, Defendant states as follows:

**SUMMARY**

1.     A defendant may properly remove a civil action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2.     This Court original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Meta, no nondiverse defendant is properly joined to the claims against Meta, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it involves a federal question under 42 U.S.C. § 1983.

4.     Meta is not a New York citizen: It is not incorporated in New York; nor does it have its principal place of business in New York.  In addition to the Meta, however, the Complaint also names six unrelated defendants.  As explained below, the citizenship of any nondiverse defendants should be ignored because they are fraudulently misjoined under Rule 20 and subject to severance under Rule 21.

5.     Though any remand motion would be without merit, all remand questions should be decided by the MDL court, should the JPML decide to coordinate this case into MDL No. 3047. *Hall v. OrthoMidwest, Inc.*, 541 F.Supp.3d 802, 805 (N.D. Ohio 2021) ("Ordinarily, courts 'defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case.'" (quoting *Board of Cnty. Comm'rs of Seminole Cnty, Okla. v. Purdue Pharma L.P.*, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019))); *see also Browne v. JUUL Labs, Inc.*, 2021 WL 2682255, at *3–4 (N.D.N.Y. June 30, 2021) ("[T]he MDL court is best positioned to assure that resolution of near-identical pending motions to remand are decided in a uniform manner.").

**PLAINTIFF'S COMPLAINT**

6.     This action is one of thousands of lawsuits filed against various companies operating different online services that allow users to create, share, and view content with other users—companies which are lumped together under the term "social media"—based on alleged harms stemming from use of those companies' online services.  The key allegations about "social

media" are largely identical in these cases, the overwhelming majority of which name Meta as a defendant. On October 6, 2022, the Judicial Panel on Multidistrict Litigation (JPML) formed a multidistrict litigation (MDL) to coordinate actions where plaintiffs allege harms from the use of online services like those operated by Meta. *See* Exhibit 1 (Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047). There are currently over 2,200 cases pending in the MDL, the vast majority of which name Meta as a defendant.

7.      On March 12, 2026, Plaintiff Tony Mizell, suing as the Administrator of the Estate of Emery Lynn Mizell ("Plaintiff's Decedent"), alleged to be deceased New York resident, filed a Complaint in the Supreme Court of the State of New York, County of Bronx (the "State Court"). The Plaintiff's Complaint seeks to recover compensatory and punitive damages for alleged harms suffered by Plaintiff's Decedent. The Complaint names Meta as a defendant along with three categories of non-diverse defendants: (1) the City of New York and New York City Administration for Children's Services (the "City Government Defendants"); 11P LLC and L.D. Property Management, Inc. (the "Premises Liability Defendants"); and John Doe and Jane Doe (the "Parent/Guardian Defendants;" together with the City Government Defendants and the Premises Liability Defendants, the "Non-Meta Defendants"). It asserts claims under New York State law sounding in wrongful death, conscious pain and suffering, negligent supervision, premises liability, and products liability, as well as a claim under 42 U.S.C. § 1983. *See* Exhibit 2 (Summons and Complaint).

8.      Like the cases in MDL No. 3047, the central allegation of Plaintiff's Complaint against Meta concerns their services' functionalities for communicating, displaying, and disseminating content among users. Compl. ¶¶ 31–38.

9.      The allegations against the Non-Meta Defendants center on conduct both entirely different from and asynchronous with the conduct alleged against Meta.  The Non-Meta Defendants are not alleged to have any association with Meta whatsoever.  Instead, the Complaint alleges that R.H., a minor who was allegedly under the supervision of the New York City Administration for Children's Services, Compl. ¶ 23, harassed Plaintiff's Decedent via Instagram, a social media service operated by defendant Meta, "[i]n the weeks preceding May 2, 2024," *id.* ¶¶ 27–30.  The Complaint then alleges that, on May 2, 2024, R.H. physically attacked and killed Plaintiff's Decedent.  *Id.* ¶¶ 39–44.  The Complaint further alleges that this attack occurred at or near R.H.'s residence, which was owned by Defendant 11P LLC and managed by Defendant L.D. Property Management, Inc.  *Id.* ¶¶ 12, 13, 24, 39.

10.     The Complaint asserts causes of action against the City Government Defendants under common law negligent supervision and 42 U.S.C. § 1983.  Comp. ¶¶ 63–68, 104–09.  These claims have different factual underpinnings and are subject to different legal standards from the claims against Meta, which relate to its alleged design choices for the Instagram service and alleged failure to warn.

11.     The Complaint asserts a cause of action against the Premises Liability Defendants under common law negligent security or premises liability.  Comp. ¶¶ 69–75.  These claims have different factual underpinnings and are subject to different legal standards from the claims against Meta, which relate to its alleged design choices for the Instagram service and alleged failure to warn.

12.     The Complaint asserts a cause of action against the Parent/Guardian Defendants under common law negligent supervision of a minor.  Comp. ¶¶ 76–82.  These claims, too, have different factual underpinnings and are subject to different legal standards from the claims against

Meta, which relate to its alleged design choices for the Instagram service and alleged failure to warn.

13.    The Complaint asserts two counts against all defendants for wrongful death and conscious pain and suffering, although again, the factual allegations underlying those claims against Meta are entirely different from those underlying the claims against the Non-Meta Defendants.

14.    Meta denies that liability or damages can be established as to Plaintiff. Meta does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Meta's notice seeks only to establish that the conditions for removal are met: The amount in controversy is in excess of Section 1332's jurisdictional minimum and there is complete diversity between Plaintiff and Meta; or, in the alternative, Plaintiff's cause of action under 42 U.S.C. § 1983 permits removal under Section 1331.

15.    Meta purportedly was served with the Summons and Complaint on April 22, 2026. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins upon service of summons and complaint).

16.    Additionally, Meta's time to respond to the Complaint in the State Court has not expired. N.Y. C.P.L.R. § 3012(a).

**PROPRIETY OF VENUE**

17.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

18.     Removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity between the Plaintiff and Meta, all other defendants are fraudulently misjoined to the claims against Meta, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

**A.     There is Complete Diversity Between Plaintiff and Meta.**

19.     Plaintiff and the Meta are "citizens of different States." 28 U.S.C. § 1332(a).

20.     Plaintiff alleges that Plaintiff Tony Mizell is a resident of New York, and that before her death, Emery Lynn Mizell was also a resident of New York.  Compl. ¶¶ 8, 22.  A natural person is a citizen of the state where the person is domiciled, *i.e.*, the person's "true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Coventry Enters. LLC v. Sanomedics Int'l Holdings, Inc.*, 2015 WL 1564990, at *1 (S.D.N.Y. Apr. 1, 2015) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).

21.     For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiff alleges that defendant Meta "is a Delaware corporation with its principal place of business in Menlo Park, California."  Compl. ¶ 15.

22.     Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiff and Meta.

B.   **The Citizenship of the City Government Defendants, Premises Liability Defendants, and Parent/Guardian Defendants Should Be Ignored Because They Are Fraudulently Misjoined.**

23.   The Non-Meta Defendants all are alleged to be New York citizens.  Specifically, Defendant the City of New York is alleged to be "a municipal corporation organized and existing under the laws of the State of New York."  Compl. ¶ 10.  Defendant New York City Administration for Children's Services is alleged to be "an agent of the City of New York."   Compl. ¶ 11. Defendant 11P LLC is alleged to be "a domestic limited liability company that owns the real property located at 1105 Boynton Avenue, Bronx, New York 10472."  Compl. ¶ 12.  Defendant L.D. Property Management, Inc. is alleged to be "a domestic corporation that manages the real property located at 1105 Boynton Avenue, Bronx, New York 10472."   Compl. ¶ 13. And Defendants John Doe and Jane Doe, who are improperly joined, are alleged to be "the parents and/or legal guardians of R.H., the minor who committed the assault" that caused the death of Plaintiff's Decedent.  Compl. ¶ 14.

24.   But the citizenship of the Non-Meta Defendants should be disregarded, and the claims against them severed from this litigation, because the Non-Meta Defendants have been fraudulently misjoined in order to defeat diversity jurisdiction.

25.   A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff improperly joins a nondiverse party to defeat federal jurisdiction.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Fraudulent misjoinder, which is also known as procedural misjoinder, occurs when a "plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard."  *Abruzzo Docg Inc. v.*

*Acceptance Indem. Ins. Co.*, 2021 WL 5304058, at *5 (E.D.N.Y. Nov. 15, 2021) (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006)).  Plaintiff has done so in this case.

26.    "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).  This authority can be exercised to preserve subject matter jurisdiction. *See, e.g.*, *Highland Cap. Mgmt. LP. v. Schneider*, 198 F. App'x 41, 45 (2d Cir. 2006).  Courts in this Circuit have thus applied the fraudulent misjoinder doctrine to sever a fraudulently misjoined party, whose presence would otherwise destroy complete diversity, from properly joined parties. *See Mancinone v. Allstate Ins. Co.*, 2020 WL 5709675, at *6 (D. Conn. Sept. 24, 2020).

27.    It is appropriate to sever claims against different defendant groups where "the claims asserted by or against the non-diverse party who is joined lack a sufficient factual nexus to the case to support joinder under applicable rules of procedure," *In re Fosamax Prods. Liab. Litig.*, 2008 WL 2940560, at *4 (S.D.N.Y. July 29, 2008), or in other words, the claims against the different defendant groups "have no real connection" with one another.  *See, e.g.*, *Tapscott*, 77 F.3d at 1360.

28.    This is especially true where, as here, the inclusion of nondiverse defendants would have prevented the moving defendants from coordinating the claims into an MDL where they thematically belong.  *See Youngers v. Meta Platforms, Inc., et al.*, No. 23 Civ. 0547 (N.D. Cal. July 8, 2024), ECF No. 77 at 7 ("[T]he MDL process provides distinct circumstances that can, on appropriate facts, merit application of fraudulent misjoinder.").  "If plaintiffs [are permitted to] escape the MDL by joining multiple, unconnected and non-diverse parties in a state court of their choice, they [will] defeat the purposes of the MDL and deny defendants their right to removal."

*In re Propecia (Finasteride) Products Liability Litig.*, 2013 WL 3729570, at *8 (E.D.N.Y. May 17, 2013).

29.     The same MDL Court overseeing nationwide litigation against Meta and other companies that offer social media services has previously concluded that "the just and efficient conduct of this MDL merits the application of fraudulent misjoinder" where (a) the plaintiffs brought claims against both diverse social media companies and nondiverse bad-actor defendants, (b) the claims against the social media companies "concern[ed] the design and development of social media platforms," and (c) the only "factual overlap" was that the nondiverse defendants "communicated [with one of the plaintiffs] through some of [those] platforms." *See Youngers*, MDL ECF No. 77 at 2, 7–8.  The court severed the nondiverse defendants from the case and denied remand. *Id.* at 8.

30.     The same logic applies in this case.  Plaintiff's claims against the nondiverse defendants are simply traditional tort claims based on their status as municipal departments, property owners and legal guardians, which are completely separate from the nature of the allegations against Meta.  Plaintiff's claims against Meta are grounded in alleged product design and failure to warn associated with Meta's purported facilitation of bullying communications between R.H. and Plaintiff's Decedent that occurred before May 2, 2024.  Compl. ¶¶ 27, 83–103.  By contrast, the claims against the Non-Meta Defendants are grounded in premises liability and negligent supervision of R.H. on May 2, 2024 that resulted in a physical altercation on that date in which R. H. killed Plaintiff's Decedent.  *See id.* ¶¶ 67, 74, 81, 107–08.  Plaintiff's claims against the Non-Meta Defendants thus do not arise from the same transaction or occurrence as their claims against Meta.  *See, e.g.*, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006)

(malpractice claims against medical defendants severed from product liability claims against tobacco company because the proof required for respective claims was "totally different").

31.    Because the claims against the Non-Meta Defendants are fraudulently misjoined, and because Meta is not a citizen of New York, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Tapscott*, 77 F.3d at 1360 (holding complete diversity existed under 28 U.S.C. § 1332(a) due to fraudulent misjoinder of non-diverse defendants).

### C.    The Citizenship of the City Government Defendants, Premises Liability Defendants, and Parent/Guardian Defendants Should Be Ignored And Severed Under Rule 21.

32.    Separate from the misjoinder provisions of Rule 20, a court may sever defendants under Rule 21 if they are either unnecessary or dispensable under Rule 19. Courts in this Circuit have held that "Rule 21 'allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction.'" *Dolce v. Pezzola*, 2025 WL 3652958, at *4 (S.D.N.Y. Dec. 17, 2025) (quoting *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011)). Here, in the alternative to finding procedural misjoinder, the Court may use its discretion to sever the non-diverse defendants as unnecessary and dispensable to perfect diversity jurisdiction.

33.    Severance is particularly appropriate here because it will enable Plaintiff and Meta to benefit from the significant efficiencies that stem from coordination within an MDL. *See Youngers*, MDL ECF No. 77 at 7

34.    Given the obvious parallels between this case and many others in the large and growing MDL, and the obvious efficiencies to be gained through that proceeding, the Court should exercise its discretion to sever the nondiverse defendants and permit the case against Meta to proceed as part of MDL No. 3047.

**D.    The Amount In Controversy Exceeds $75,000.**

35.    Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

36.    Meta takes no position as to which of the Complaint's allegations are admitted or denied at this time, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief. But based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

37.    First, in respect to the first cause of action, Plaintiff seeks "an amount exceeding Fifty Million Dollars ($50,000,000.00)." Compl. ¶ 59.

38.    Second, the nature of Plaintiff's allegations also support a finding that the amount in controversy threshold is met. Plaintiff alleges that he is entitled to compensatory damages for the "conscious pain, suffering, mental anguish, and terror" that Plaintiff's Decedent suffered prior to her death. *Id.* ¶ 61–62. Plaintiff further alleges that he is entitled to compensatory damages for "loss of support including the $900 per month in Supplemental Security Income that [his Decedent] received, loss of services including regular household chores that [his Decedent] performed, loss of parental guidance, loss of companionship, loss of love and affection, funeral and burial expenses, and other damages." *Id.* ¶ 58. Courts have found claims for damages based on similar allegations sufficient to satisfy the amount-in-controversy threshold. *See, e.g.*, *Capitol Specialty Ins. Corp. v. IKO, Inc.*, 2013 WL 6196564, at *4 (W.D. Ky. Nov. 26, 2013) (accepting

plaintiffs' allegation that claim based on sexual assault met $75,000 requirement); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiffs' allegations of "an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" supported claim in excess of $75,000).

39.     The Complaint also alleges that Meta is liable to Plaintiff for "punitive damages." Compl. ¶ 103.  "[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991).

40.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

     a.     this is a civil action within the meaning of Section 1332(a);

     b.     the properly joined parties are citizens of different states as required by § 1332(a)(1); and

     c.     the amount in controversy exceeds $75,000 as required by § 1332(a).

41.     Accordingly, this action is properly removable under 28 U.S.C. § 1441(a).

### ALTERNATIVELY, REMOVAL IS PROPER UNDER 28 U.S.C. § 1331

42.     Removal is authorized under 28 U.S.C § 1441(a) and 28 U.S.C. § 1331 because Plaintiff's Complaint states a cause of action arising under a federal statute.

43.     The seventh cause of action alleges that the City Government Defendants violated 42 U.S.C. § 1983 through their alleged failure to supervise R.H., which allegedly violated the rights of Plaintiff's Decedent and led to her death.  Compl. ¶¶ 104–09.

44.     As discussed above, removal against Meta is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) because the non-Meta Defendants have been fraudulently misjoined, and/or the claims asserted against them should be severed from those asserted against Meta.  Should a court disagree,

that would indicate that the claims Plaintiff asserts under state law "derive from a common nucleus of operative facts." *See In re Methyl Tertiary Butyl Ether (""MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 321 (S.D.N.Y. 2007). Accordingly, should removal be deemed improper pursuant to 28 U.S.C. §§ 1332 and 1441(a), this Court would have supplemental jurisdiction over the state law claims because they are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).

## OTHER REMOVAL ISSUES

45.     Meta expressly reserves, and does not waive, any and all defenses, including lack of personal jurisdiction.

46.     The City Government Defendants, Premises Liability Defendants, and Parent/Guardian Defendants are not properly joined in this action, and thus their consent to removal under 28 U.S.C. § 1446(b) is not required. *Altman-Gubernikoff v. Garely*, 2021 WL 1051624, at *8 (S.D.N.Y. Mar. 19, 2021); *Tamm Consulting v. Cincinnati Ins. Co.*, 2020 WL 1144713, at *4 (S.D.N.Y. Mar. 9, 2020), *aff'd sub nom. Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412 (2d Cir. 2021).

47.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Complaint, and all other process, pleadings, and orders served on Meta and/or filed in the state court are attached as Exhibit 2. These filings constitute the complete record of all records and proceedings in the state court.

48.     If any question arises as to propriety of removal to this Court, Meta requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

49.     Upon filing the Notice of Removal, Meta will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Bronx, pursuant to 28 U.S.C. § 1446(d).

50.     Meta reserves the right to amend or supplement this Notice.

\*    \*    \*

WHEREFORE, Defendant hereby removes this action from the Supreme Court of the State of New York, County of Bronx, to this honorable Court.

Dated:      May 1, 2026
            New York, New York

Respectfully submitted,

*/s/ Christopher Y. L. Yeung*
Christopher Y. L. Yeung

COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
Tel.: (212) 841-1262
Fax: (646) 441-9262
cyeung@cov.com

*Attorney for Defendant Meta Platforms, Inc.*