# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

**Christopher Yeung**

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T  +1 212 841 1262
cyeung@cov.com

**Via ECF**

May 19, 2026

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



**Re: *Mizell v. The City Of New York et al., 1:26-cv-03631-KPF***

Dear Your Honor:

We represent Defendant Meta Platforms, Inc. ("Meta").  Pursuant to Your Honor's Individual Practice Rule 2.C, Meta requests a brief temporary stay of this action, including all deadlines for Meta to respond to the Complaint, pending resolution by the Judicial Panel on Multidistrict Litigation ("JPML") of a threshold issue concerning the proper forum for this action. All parties other than the Doe defendants (whose identities are unknown to Meta) have consented to the stay.

*A.     This Action Should Be Stayed Pending the JPML's Transfer Decision.*

On May 6, 2026, the JPML issued an order conditionally transferring this action to the multidistrict litigation ("MDL") pending in the Northern District of California captioned *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047.  Only the "City Defendants" (Defendants the City of New York and the City of New York s/h/a the New York City Administration for Children's Services) opposed transfer.  No other party—including Plaintiff—has opposed transfer.  Briefing on the City Defendants' transfer opposition is scheduled to close on June 25, 2026, and Meta expects the JPML to issue a ruling shortly after the next hearing session, which is scheduled for July 30, 2026.

Meta seeks an order temporarily staying this action until four weeks after the JPML resolves the City Defendants' transfer opposition.  Such a stay includes adjourning, until at least four weeks after the JPML resolves the City Defendants' transfer opposition, (a) Meta's time to move, answer, plead, or otherwise respond to the Complaint; (b) any deadline for any party to move to remand this action (currently June 1, 2026); and (c) the court conference scheduled for June 17, 2026, and all associated deadlines, *see* ECF 4.

As this District has recognized, "[i]t is common for courts to stay an action pending a transfer decision by the JPML."  *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *cf. Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("[W]here a multi-district litigation proceeding has been established,

**COVINGTON**

Honorable Katherine Polk Failla
May 19, 2026
Page 2

courts have routinely stayed motions pending rulings by the JPML."). This action should be no exception, especially when Plaintiff has not opposed transfer, and has consented to the stay.

Each of the stay factors that courts in this District consider also favor a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citation omitted).

*First*, Plaintiff has consented to the stay and thus would not be unduly prejudiced.

*Second*, forcing Meta to litigate here pending an MDL transfer decision unnecessarily burdens Meta, including by subjecting Meta to duplicative litigation and a risk of inconsistent rulings. And all other identified (*i.e.*, non-Doe) defendants have consented to the stay, and thus would not be unduly burdened by the stay.

*Third*, a temporary stay advances the third through fifth factors—judicial, public, and third-party interests—by avoiding litigation that would be unnecessary should the JPML decide to reject the City Defendants' transfer opposition (as Meta believes the JPML will do). The JPML established the MDL to "eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *See* Transfer Order, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, MDL No. 3047, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). Temporarily staying this action advances each of those goals, while subjecting no parties or non-parties to any undue prejudice.

  B.  *Alternatively, Meta's Response Deadline Should be Adjourned.*

Alternatively, for the same reasons set forth above, Meta seeks an order that at least adjourns its time to move, answer, plead, or otherwise respond to the Complaint until at least four weeks after the resolution of the City Defendants' opposition to the transfer of this action to the MDL. Plaintiff consented to this relief as part of his consent to the requested stay, and such relief would avoid wasting judicial and party resources to brief and consider Meta's anticipated dismissal motion should this case be transferred to the MDL.

                    *    *    *

This is Meta's first request to stay this action and/or to adjourn its time to respond to the Complaint. As noted above, Plaintiff, the City Defendants, L.D. Property Management Inc., and 11P LLC have all consented. Meta does not know the identities of the remaining defendants (John and Jane Does, as parents/guardians of R.H.), nor have they appeared in this case yet.

                         Respectfully submitted,

                         Christopher Y. L. Yeung

**COVINGTON**

Honorable Katherine Polk Failla
May 19, 2026
Page 3

cc:    All counsel of record (via ECF)
       Gregory Walthall, Esq. (gwalthall@vcbesq.com)
       Amy Torres, Esq. (amytorre@law.nyc.gov)

Application GRANTED.

In light of the multidistrict litigation pending in the Northern
District of California, this case is STAYED.  The parties are directed
to provide a joint status update to the Court within a week of the
JPML's transfer decision or on or before **August 31, 2026,** whichever
comes first.

The Clerk of Court is directed to terminate the pending motion at
docket entry 7.

Dated:     May 20, 2026              SO ORDERED.
           New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE